JUDGE ELLIOTT
delivered the Opinion op the court.
In 1872 a paper purporting to be tbe last will and testament of Lucy Cave, deceased, was probated in the Boone County Court, and from that judgment appellees appealed to the circuit court.
The venue of the cause was changed to Kenton Circuit Court, where it was finally decided, and from that judgment, which was against the validity of the will, the case has been brought here by appeal.
The will in contest bears date the 13th of February, 1871, but was proved to have been executed on the 13th of February, 1872, a day or two before the death of Lucy Cave. Some two years before her death, Lucy Cave received a stroke of hemiplegia, or partial paralysis, from which she partially’ recovered, when a second stroke of a similar nature, received about a month before her death, rendered her entirely helpless and almost speechless.
In this physical condition the appellants claim that she made her last will, and that she was in the possession at the time of a disposing mind and memory. The grounds relied on to defeat the will are the incapacity of the deceased, and the fraud and undue influence of the principal devisee, Mrs. Campbell, and her family.
*454 Various exceptions are taken on both sides to the admission and rejection of evidence during the trial, and the ruling on these questions will be first considered.
The propounders of the will offered Emily Campbell, the principal devisee, as a witness, and the objection of appellees to her testifying was sustained by the court and excepted to by appellants, and the appellees offered to prove facts by Richard White, tending to the conclusion that the will had been procured by the fraud of the husband of Emily Campbell and others. The objections of appellants were sustained to this evidence and excepted to by appellees.
The grounds upon which the court refused the evidence of these witnesses were, that they were parties to this suit and interested in its result. There can be no doubt that the rejection of the evidence of these witnesses was proper, unless the common-law rule of evidence in such cases has been changed by the legislature of this state.
By section 22 of chapter 37 of the General Statutes it is provided, that “No person shall be disqualified as a witness, in any civil action or special proceeding, by reason of his interest in the event of the same as a party or otherwise; but such interest may be shown for the purpose of affecting his credibility.”
It is true that the 25th section of the same chapter provides, that “No party shall be allowed to testify by virtue of section 22 in any action or special proceeding where the adverse party is deaf and dumb or an infant, unless the infant testifies in his own behalf, or is the guardian or trustee of a child or children of a deceased person, or is the committee of an idiot or lunatic, or is the executor or administrator of a deceased person, or is the party claiming as heir or devisee of a deceased person.” But this latter section does not apply where the validity of the will of the decedent is the subject of litigation.
In the case of John T. Milton, &c. v. Elizabeth Hunter, *455 &c.,* this court used the following language: “ In this connection it is proper we should say, it was error in the court below to hold that the devisees and heirs-at-law of the deceased are incompetent witnesses. This is not a proceeding to settle, the estate of a decedent, nor is it an action against the executor, administrator, heir, or devisee of a deceased person, in the sense in which the term action is used in section 25, chapter 37, General Statutes. The reasons for the exceptions contained in sections 23 and 25 of that chapter do not apply to a controversy over the probate of a will, and in such controversies the parties in interest are competent witnesses.
Besides, by section 28 of chapter 113 of the General Statutes, it is provided, that “ No will shall be received in evidence until it has been allowed and admitted to record by a county court;” and we therefore conclude that it was not the intention of the legislature by section 25 of chapter 27 of the General Statutes, to exclude the evidence which had been admitted by section 22 of the same chapter, merely because a person may claim to be a devisee under a pretended will, which, not having been recorded by a county court, can not be admitted as evidence for any purpose, or to support any claim whatever. When the question at issue is, whether a valid will has been made, then the evidence of all the parties in interest is legitimate; and therefore the lower court erred in excluding the evidence of Mr. Campbell, Eichard White, and other witnesses offered on each side of the controversy.
The evidence offered as to the sworn statements of N. G. Campbell, made on a former trial of this cause, was improper, unless the appellants had attempted to prove that he had not made the statements which that evidence indicated. N. G. Campbell’s name is on the paper offered for probate as the last will of Lucy Cave, as an attesting witness; and as he had died before the last trial of this cause, it would have been legitimate *456 for the heirs of Lucy Cave to have proved that his evidence on a former trial was different from what it was proved to have been by the devisees.
During the progress of the trial in the court below, the appellees, over the objections and exceptions of appellants, proved by Pem. Finch and others, what Annie Carter had told them that Emily Campbell told her, as to how and when Lucy Cave had made her will, and to whom she had given her property. The question as to what Mrs. Carter had told these witnesses that Emily Campbell' had told her about the will was immaterial, and such irrelevant and hearsay evidence could not be legalized by obtaining a denial from Annie Carter that she had made these statements.
There may be other errors in this large record which have escaped our scrutiny, our attention not having been called to them, and which may not recur on another trial.
Where a party asserts a claim as devisee under a recorded will, the parties opposed to him in interest are incompetent witnesses; but it is otherwise where the validity of the will itself is the subject-matter of litigation, unless the person offered as a witness was one of the attesting witnesses to the will.
For the errors indicated the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

 Ante page 163.